WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br>Dennis Andrew Ball,<br>    Debtor,<br>_____<br>Dennis Andrew Ball,<br>    Appellant<br>v.<br>Bankruptcy Court Decision,<br>    Appellee. | No. CV 12-00037-PHX-JAT<br>BK. No. 2:11-bk-12248-GBN<br>**ORDER** |

Pending before the Court is Dennis Andrew Ball's ("Debtor" or "Appellant") Emergency Motion for Stay Pending Appeal (Doc. 3).[1]

**I.    BACKGROUND[2]**

It appears that, in a Minute Entry entered by the Bankruptcy Court on September 14,

---

[1] The caption of this case is the caption that Appellant used in his transmittal of appeal.

[2] Although Appellant filed an "Appendix of Record" with this Court, the Record is incomplete and the Court is not in possession of the full record of the Bankruptcy Court.

2011,[3] the Bankruptcy Court ordered Appellant to pay adequate protection payments to his Creditors, in addition to a regular payment plan. Thereafter, Appellant sought to modify the plan entered by the Bankruptcy Court and reconvert his case "back to Chapter 13." (Doc. 4 at 18). In addition, Appellant sought a stay to prevent his creditors from collecting on his assets until a decision was made on his motion for reconversion. (*Id.* at 18). Appellant's main objection to the adequate protection payments ordered by the Bankruptcy Court appears to concern payments due to Arizona Federal Credit Union and Credit Union West for loans on his vehicle and mobile home. (*Id.* at 13).

On December 13, 2011, Arizona Federal Credit Union issued a Notice of Sale to Appellant, informing him that his vehicle, a 2006 Dodge Ram (the "Vehicle"), which was the collateral for the loan on which Appellant had defaulted, would be repossessed and sold if Appellant failed to tender the full amount of the outstanding balance on his loan. (Doc. 4 at 30). On December 16, 2012, Appellant filed a Notice of Lis Pendens, claiming Arizona Federal Credit Union's Notice of Sale was defective and arguing that the Vehicle should not be sold until "Court litigation ceases." (*Id.* at 27). The Bankruptcy Court then entered an Order staying the sale of the Vehicle until a hearing was held on Appellant's Motion to Reconvert his case. (*Id.* at 3).

On January 3, 2012, the Bankruptcy Court held a hearing on Appellant's Motion to Reconvert Case Back to Chapter 13. (Doc. 4 at 2). At the end of the hearing, the Court denied Appellant's Motion to Reconvert his case and lifted the stay that prevented the sale of the Vehicle. (Doc 1 at 13; Doc. 4 at 2). As Appellant attached a copy of the Minute Order from this Hearing to his Notice of Appeal, the Court assumes, for the purposes of this Order, that Appellant is appealing the entirety of the Bankruptcy Court's Orders made during that hearing. (*Id.*).

Thereafter, the Bankruptcy Court issued the following Order:

---

[3] Appellant did not provide the Court with a copy of this Minute Entry. However, it is referred to in Appellant's Notice with Leave to Amend Automatic Stay. (Doc. 4 at 17).

> To the extent debtor's one page 'Notice Pending Appeal'[4] is intended to be a motion directed to this court seeking a stay pending appeal, it is absolutely devoid of argument or factual support. Accordingly, it is denied. It is unlikely this court will grant a stay pending appeal, given the delay and history of this case. Accordingly, debtor should make any future request for stay to the District Court. It is strongly recommended that should such a stay request made [sic] to that court, it be fully supported by a legal memorandum that identifies that legal and factual justification for a stay.

(Doc. 4 at 6).

Thereafter, Appellant filed a "Response" to the Court's order, again arguing for a stay of the sale of the Vehicle. (Doc. 4 at 8). The Bankruptcy Court then issued the following Order:

> To the extent debtor's legal memorandum was intended to function as a motion for reconsideration, it is denied. All further arguments on the merits of debtor's disputes with his creditors will be made solely to the appellate court and will not be considered by this court.

(Doc. 4 at 4).

On January 6, 2012, Appellant filed his Notice of Appeal in this Court. (Doc. 1). On January 19, 2012, Appellant filed the Emergency Motion for Stay Pending Appeal, which is the subject of this Order. (Doc. 3).

## II.  LEGAL STANDARD

Whether to grant or deny a request for a stay is "an exercise of judicial discretion," the propriety of which is "dependent upon the circumstances of the particular case." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672-73 (1926). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 672. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, __, 129 S.Ct. 1749, 1761 (2009).

In order for this Court to grant or deny a request for a stay, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to

---

[4] Appellant did not provide a copy of this motion to the Court.

- 3 -

succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first of these two factors "are the most critical," and "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Nken*, 129 S.Ct. at 1761 (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)).

### III. ANALYSIS[5]

In his Motion for Stay, Appellant argues that the Court should stay the sale of the Vehicle pending a determination of his appeal. Appellant argues that he is entitled to this stay because (1) the Bankruptcy Court erred because it never ruled on his September 26, 2011 and October 3, 2011 Motions for Moratorium on Plan Payments and (2) because no objections were filed to his September 26, 2011 and October 3, 2011 Motions for Moratorium on Plan Payments, he was automatically entitled to "reconversion to Chapter 13 without penalty of back payments and the return of [his] property," including the Vehicle. (Doc. 3 at 3).

#### A. Likelihood of Success on the Merits

Appellant has not made a strong showing that he is likely to succeed on the merits. Although Appellant has not provided the Court with a complete record of the bankruptcy proceedings, a review of the Bankruptcy Court's docket shows that Appellant filed several motions with the Bankruptcy Court repeatedly requesting the same relief: i.e. that the Bankruptcy Court set aside the adequate protection payments it had previously ordered and that his case be reconverted to Chapter 13. Contrary to Appellant's assertions, the Bankruptcy Court did rule on the substance of these Motions by setting a hearing on his

---

[5] It appears that Appellant has failed to serve the interested parties in the appeal. The Local Rules of Bankruptcy Procedure provides that emergency motions "must be accompanied by a proof of service showing service on all parties." LR Bankr. 8011(d)-1. Appellant has not filed any such proof of service and no interested party has appeared in the appeal. Nonetheless, the Court will examine Appellant's motion for a stay on the merits.

Motion to Reconvert Case back to Chapter 13 (Bankr. Doc. 143) and, during the hearing, denied Appellant's Motion to Reconvert the Case.[6]

Further, the Trustee filed an Objection to Appellant's Motion to Reconvert his Case Back to Chapter 13 (Bankr. Doc. 170) and both Arizona Federal Credit Union and Credit Union West appeared at the hearing on Appellant's Motion to Reconvert Case and objected.[7] Appellant has failed to explain to the Court why these objections, in addition to the objections that the Creditors made in response to Appellant's numerous other Motions, were inadequate.[8]

Accordingly, based on the record currently before the Court, Appellant is not likely to succeed on the merits of his appeal and this factor weighs against a stay.

**B.    Irreparable Injury**

Appellant argues that he will be irreparably injured if the Court does not enter a stay because the Vehicle is his only means of transportation and the Vehicle contains personal property that Arizona Federal Credit Union has refused to return.[9] Appellant's vehicle was

---

[6] Appellant has not provided the Court with any other arguments that the Court's Order denying Appellant's Motion to Reconvert the Case was somehow defective.

[7] Credit Union West filed a Joinder in Trustee's Objection to Appellant's Motion to Reconvert his Case Back to Chapter 13 to reaffirm that it formally objected to Appellant's Motion. (Bankr. Doc. 178).

[8] Appellant appears to misconstrue the language in the Notice of Date to File Objection to Chapter 13 Plan or Motion for Moratorium on Plan Payments (Bankr. Doc. 101-1), which provides "For an *original* plan, the failure of a party in interest to timely file an objection to confirmation of the Plan or the granting of a motion for a moratorium shall constitute acceptance of the plan . . ." (emphasis added). Appellant argues that this language entitled him to a "Reconversion to Chapter 13 without penalty of back payments and the return of debtor's property." (Doc. 3 at 3). However, Appellant fails to provide the Court with any support for this argument and, based on the record before the Court, this argument appears to be without merit.

[9] Appellant's assertion that Arizona Federal Credit Union refuses to return his personal property appears to be without merit, as counsel for Arizona Federal Credit Union provided him with information necessary to arrange for the return of his personal effects that were left in the Vehicle. (Doc. 4 at 23).

- 5 -

repossessed on December 13, 2011 (Doc. 4 at 30) and the Creditors were subject to a stay entered by the Bankruptcy Court pending the January 3, 2012 hearing. If Appellant's vehicle is sold, he will be unable to recover it. Accordingly, this factor weighs in favor of a stay.

**C.     Injury to Other Parties**

After Appellant failed to make his adequate protection payments on September 30 that would have entitled him to maintain possession of the Vehicle, the case was subject to dismissal. Thereafter, from September 30, 2011 to January 3, 2012, considerable delay was incurred, while the Bankruptcy Court ruled on Appellant's various Motions for Reconsideration and Notices.[10] Appellant's creditors would be prejudiced by having to wait for the resolution of the appeal before they could collect on the collateral for their loans. They have participated in the bankruptcy case and agreed to a modified plan for payments and Appellant has still not paid them for over three months.[11] Accordingly, because Appellant's Creditors would be injured by further delay, this factor weighs against entering a stay.

**D.     The Public Interest**

The Court finds that granting a stay would not be in the public interest. The Bankruptcy Court gave Appellant a full chance to argue his case on the merits and considered numerous motions for reconsideration. Any further delay in allowing the Creditors to collect on the collateral for the loans that Appellant promised to pay over three months ago is not in the public interest, especially given Appellant's slim chance of success on appeal.

**IV.    CONCLUSION**

After consideration of the four factors, the Court finds that Appellant has failed to carry his burden of showing that the circumstances in this case justify an exercise of the

---

[10] The procedural history is described in detail in the Trustee's Objection to Appellant's Motion to Reconvert his Case Back to Chapter 13 (Bankr. Doc. 170 at 1-3).

[11] In denying Appellant's request for stay, the Bankruptcy Court noted the delay of the case: "It is unlikely this court will grant a stay pending appeal, given the delay and history of this case." (Doc. 4 at 6).

Court's discretion to grant a stay.

For the foregoing reasons,

**IT IS ORDERED** that Dennis Andrew Ball's Emergency Motion for Stay Pending Appeal (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that Appellant shall comply with Federal Rule of Bankruptcy Procedure 8006.[12] Appellant's compliance shall include, but is not limited to,

---

[12] Federal Rule of Bankruptcy Procedure 8006 provides in full:
> Within 14 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 14 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record. A cross appellee may, within 14 days of service of the cross appellant's statement, file and serve on the cross appellant a designation of additional items to be included in the record. The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

filing the following items with the Clerk of the Bankruptcy Court and serving all of the following items on appellees: (1) a designation of the items to be included in the record on appeal (if Appellant intends to appeal the Orders of the Bankruptcy Court that occurred during the January 12, 2012 hearing, he shall provide the Clerk of the Bankruptcy Court with a designation of the transcript of that hearing.); and (2) a statement of the issues to be presented.

If the record designated by Appellant includes a transcript of any proceeding or a part thereof, the Appellant shall, immediately after filing the designation, deliver to the reporter and file with the Clerk of the Bankruptcy Court a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the Clerk of the Bankruptcy Court to assemble and transmit the record.

**IT IF FINALLY ORDERED** that the Clerk of the Court shall cause a copy of this Order to be filed in the U.S. Bankruptcy Court, District of Arizona, No. BK 11-12248-GBN.

DATED this 24th day of January, 2012.

James A. Teilborg
United States District Judge