**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| In Re<br>Dennis Andrew Ball,<br>      Debtor,<br>_____<br>Dennis Andrew Ball,<br>      Appellant,<br>vs.<br>U.S Bankruptcy Court Decision<br>      Appellee. | No. CV-12-00037-PHX-JAT<br>BK. No. 2:11-bk-12248-GBN<br>**ORDER** |

Pending before the Court is Arizona Federal Credit Union's ("AZFCU") Motion to Dismiss (Doc. 13) and Plaintiff's Motion to Strike with Summary Judgment (Doc. 14). The Court now rules on the motions.

**I.   BACKGROUND**

It appears that, in a Minute Entry entered by the Bankruptcy Court on September 14, 2011,[1] the Bankruptcy Court ordered Dennis Andrew Ball ("Debtor" or "Appellant") to pay adequate protection payments to his Creditors, in addition to a regular payment plan.

---

[1] Appellant did not provide the Court with a copy of this Minute Entry. However, it is referred to in Appellant's Notice with Leave to Amend Automatic Stay. (Doc. 4 at 17).

Thereafter, Appellant sought to modify the plan entered by the Bankruptcy Court and reconvert his case "back to Chapter 13." (Doc. 4 at 18). In addition, Appellant sought a stay to prevent his creditors from collecting on his assets until a decision was made on his motion for reconversion. *Id.* at 18.

On December 13, 2011, AZFCU issued a Notice of Sale to Appellant informing him that his vehicle, a 2006 Dodge Ram (the "Vehicle"), which was the collateral for a loan on which Appellant had defaulted, would be repossessed and sold if Appellant failed to tender the full amount of the outstanding balance on his loan. (Doc. 4 at 30). On December 16, 2012, Appellant filed a Notice of Lis Pendens in the Bankruptcy Court, claiming AZFCU's Notice of Sale was defective and arguing that the Vehicle should not be sold until "[c]ourt litigation ceases." *Id.* at 27. Thereafter, the Bankruptcy Court entered an Order staying the sale of the Vehicle until a hearing was held on Appellant's Motion to Reconvert his case. *Id.* at 3.

On January 3, 2012, the Bankruptcy Court held a hearing on Appellant's Motion to Reconvert Case Back to Chapter 13. (Doc. 4 at 2). At the end of the hearing, the Court denied Appellant's Motion to Reconvert his case and lifted the stay that prevented the sale of the Vehicle. (Doc 1 at 13; Doc. 4 at 2). As Appellant attached a copy of the Minute Order from this Hearing to his Notice of Appeal, the Court assumes, for the purposes of this Order, that Appellant is appealing the entirety of the Bankruptcy Court's Orders made during that hearing. *Id.*

Thereafter, the Bankruptcy Court issued the following Order:

> To the extent debtor's one page 'Notice Pending Appeal'[2] is intended to be a motion directed to this court seeking a stay pending appeal, it is absolutely devoid of argument or factual support. Accordingly, it is denied. It is unlikely this court will grant a stay pending appeal, given the delay and history of this case. Accordingly, debtor should make any future request for stay to the District Court. It is strongly recommended that should such a stay request made [sic] to that court, it be fully supported by a legal memorandum that identifies that legal and

---

[2] Appellant did not provide a copy of this motion to the Court.

1 factual justification for a stay.
2 (Doc. 4 at 6).
3 Thereafter, Appellant filed a "Response" to the Court's order, again arguing for a stay
4 of the sale of the Vehicle. (Doc. 4 at 8). The Bankruptcy Court then issued the following
5 Order:

> To the extent debtor's legal memorandum was intended to function as a motion for reconsideration, it is denied. All further arguments on the merits of debtor's disputes with his creditors will be made solely to the appellate court and will not be considered by this court.

9 (Doc. 4 at 4).
10 On January 6, 2012, Appellant filed his Notice of Appeal in this Court. (Doc. 1). On
11 January 19, 2012, Appellant filed an Emergency Motion for Stay Pending Appeal. (Doc. 3).
12 That Motion was denied on January 24, 2012. This Court found that Appellant failed to
13 carry his burden of showing circumstances sufficient to justify an exercise of the Court's
14 discretion to grant a stay. (Doc. 5).
15 Subsequently, Appellant filed a "Reply to Order With Leave Pending Stay on Appeal"
16 on January 30, 2012 (Doc. 6), and an "Opening Brief" on February 15, 2012 (Doc. 11).
17 Although it is difficult to make out the legal grounds for his contentions, Appellant argues
18 that the lifting of the stay on the sale of his Vehicle and the denial of reconversion constitute
19 error, and should be reversed. In his "Motion to Strike With Summary Judgment," he also
20 claims that the lis pendens should have prevented the sale of his Vehicle while his case was
21 on appeal, and that his Vehicle was repossessed illegally. (Doc. 14 at 2-3).
22 AZFCU responded by filing a Motion to Dismiss Appeal For Mootness, contending
23 that the sale of Appellant's Vehicle rendered his appeal moot as to AZFCU because the Court
24 could not grant any effective relief after the sale was final. (Doc. 13).
25 Plaintiff filed a document entitled "Motion to Strike with Summary Judgment by
26 Debtor and Trustee" (Doc. 14), which the Clerk of the Court treated as a separate Motion.
27 However, this Motion to Strike fails to set forth legal arguments entitling Plaintiff to have
28 any document stricken from the record and fails to set forth legal arguments entitling Plaintiff

- 3 -

to summary judgment. Instead, the Motion to Strike appears to be a Response to Defendant's Motion to Dismiss and the Court will treat it as such. Accordingly, the Motion to Strike (Doc. 14) is denied and will be treated as a Response to Defendant's Motion to Dismiss.

## II.   ANALYSIS

### A.   Standard of Review

Rule 8013 of the Federal Rules of Bankruptcy Procedure states:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Fed. R. Bankr. P. 8013. Thus, this Court reviews the Bankruptcy Court's conclusions of law de novo, but it will not reverse the Bankruptcy Court's findings of fact unless they are clearly erroneous. *See In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996).

Under Local Rule of Bankruptcy Appeal Procedure 8006-1, the Court "is required to consider only those portions of the transcript included in the excerpts of the record. If findings of fact and conclusions of law were made orally on the record, a transcript of those findings is mandatory." LRBankr 8006-1. The record before the Court is incomplete. Although minutes of several Bankruptcy Court hearings have been submitted, Appellant has not provided the Court with transcripts of those hearings. As such, this Court's ability to review those decisions is limited to the record before it.

### B.   Appellant's Challenges

#### i.   Illegal Repossession

Appellant claims that, under Illinois criminal law, the repossession of the Vehicle constituted theft. (Doc. 6 at 1-2). Such a claim is not a matter for appeal of the Bankruptcy Court's order. Any claim of theft should be lodged with the appropriate authorities.

#### ii.   Lis Pendens Challenge

Appellant argues that the sale of the Vehicle was improper because he filed a notice of lis pendens in his bankruptcy court case. (Bankr. Doc. 167). However, although

- 4 -

1 Appellant filed this notice of lis pendens in his bankruptcy case, this does not constitute
2 proper recording of a notice of lis pendens. Appellant has provided no evidence to this Court
3 that a notice of lis pendens was ever properly recorded. Further, even if a lis pendens was
4 properly recorded, it would not prevent the sale of the Vehicle. Rather, a lis pendens
5 provides notice to the purchaser of property that such property is subject to the outcome of
6 litigation. Accordingly, this challenge is likewise not a proper subject of an appeal of the
7 Bankruptcy Court's order.

### iii. 'Moratorium'

9 Appellant also filed a Motion for a Moratorium in his bankruptcy court case. (Bankr.
10 Doc. 101). He argues that no objections were filed within the forty-five day window
11 provided for in Local Rule of Bankruptcy Procedure 2084-9, and that this constituted
12 acceptance of a moratorium on payments on the plan. *Id.* As such, he believes that he was
13 no longer required to make payments, either under the plan or for adequate protection on the
14 Vehicle. However, Local Rule of Bankruptcy Procedure 2084-12 provides that the granting
15 of a moratorium shall be within the Bankruptcy Court's discretion. Because the Bankruptcy
16 Court did not grant Appellant's motion, he was thus required to continue making payments.

### iv.     Other Arguments

18 Appellant's main contentions in his Opening Brief are that the Bankruptcy Court erred
19 in lifting the stay on the sale of the Vehicle and denying his Motion to Reconvert. (Doc. 11
20 at 6, 8). It appears that Appellant's legal argument is that, by filing amended valuations and
21 payment plans with the Bankruptcy Court, his required payments should have been adjusted
22 accordingly. The valuation of the collateral is a factual matter for the Bankruptcy Court. *See*
23 *In re Tuma*, 916 F.2d 488, 491 (9th Cir. 1990) ("The determination of value is a factual
24 finding."). The subsequent finding of appropriate adequate protection payments based on
25 value is also a factual matter, as is Appellant's failure to make said payments. Although
26 Appellant contends that there was no basis in law for lifting the stay, Appellant's failure to
27 pay $390 in adequate protection payments constituted grounds for removal of stay. *See* 11
28 U.S.C. § 362(d) ("[T]he court shall grant relief from the stay . . . for cause, including the lack

1  of adequate protection of an interest in property of such party in interest.").

2  As to Appellant's Motion to Reconvert, although the record is unclear, it seems that
3  the Bankruptcy Court found Appellant's plan unfeasible and hence denied it. The Court is
4  limited to the record before it because Appellant failed to provide transcripts of the hearing
5  in which the Bankruptcy Court denied reconversion. *See* LRBankr. 8006-1. Although
6  Appellant argues that it was error not to allow him to reconvert back to Chapter 13, based on
7  Appellant's argument, the denial of the Motion was based on the feasibility of his plan,
8  which was a factual matter for the Bankruptcy Court to determine.

9  It thus appears that Appellant's objections to the Bankruptcy Court's rulings are
10 essentially factual in nature. *See Tri-Tron Int'l v. Velto*, 525 F.2d 432, 435 (9th Cir. 1975)
11 (explaining that appellate courts consider "a finding or a conclusion in its true light,
12 regardless of . . . label"). Consequently, the Bankruptcy Court's decision will be reviewed
13 only for clear error.

14  **C.  Review For Clear Error**

15 The Court cannot perceive any clear error in the decision of the Bankruptcy Court.
16 The appropriate valuation of the Vehicle seems to have been a contested factual matter, and,
17 thus, the Court cannot say that the finding as to the proper valuation was facially incorrect
18 on the record before it. Nor can it say that the refusal to deem Appellant's plan feasible was
19 clearly incorrect, especially in light of the failure of the previous plan. Accordingly, the
20 Court perceives no error in the Bankruptcy Court's denial of Appellant's Motion to
21 Reconvert or the Bankruptcy Court's lifting of the stay on the sale of the Vehicle.

22  **III.  MOOTNESS**

23 AZFCU argues that the sale of the Vehicle renders Appellant's appeal moot. (Doc.
24 13 at 1). The Court agrees. The Vehicle has been sold pursuant to the Bankruptcy Court
25 decision that the sale could proceed. Insofar as the Appellant seeks the return of the Vehicle
26 as relief, that relief is unavailable and the appeal is moot. Further, as discussed above,
27 Appellant has failed to provide any legal grounds on which the Bankruptcy Court's decision
28 should be reversed.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Arizona Federal Credit Union's Motion to Dismiss (Doc. 13) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 14) is denied as moot and is treated as a Response to Defendant's Motion to Dismiss.

**IT IS FURTHER ORDERED** that the decision of the Bankruptcy Court on Debtor's Motion to Reconvert his case is affirmed. Pursuant to Federal Rule of Bankruptcy Procedure 8016(a), the Clerk of the Court shall enter judgment consistent with this Order.

DATED this 30th day of July, 2012.

James A. Teilborg
United States District Judge